UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ROMO, | No.  2:24-cv-1893 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF DIRKSE, | |
| Defendants. | |

Plaintiff is a county inmate who filed this civil rights action under 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, pursuant to 28 U.S.C. § 1915.  ECF No. 2.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2); ECF Nos. 2, 11. Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

////

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1    I.      Statutory Screening of Prisoner Complaints

2          The court is required to screen complaints brought by prisoners seeking relief against "a

3    governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

4    claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v.

5    Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on

6    an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The

7    critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable

8    legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by

9    statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

10         In order to avoid dismissal for failure to state a claim a complaint must contain more than

11   "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a

12   cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words,

13   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

14   statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the

15   court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial

16   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

17   inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation

18   omitted). When considering whether a complaint states a claim, the court must accept the

19   allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the

20   complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421

21   (1969) (citations omitted).

22   II.     Factual Allegations of the Complaint

23         Plaintiff alleges that defendant Dirkse, Sheriff-Coroner, is violating plaintiff's Eighth

24   Amendment right to be free from cruel and unusual punishment by exposing him to unsanitary

25   shower conditions at Stanislaus County Public Safety Center. ECF No. 1 at 2-3. Plaintiff alleges

26   that he reported the unsanitary conditions via grievance and was informed that: "HUD conducts

27   double scrub" every Wednesday to ensure the cleanliness of the facilities; policy and procedures

28   states that any "cleanliness and maintenance issue shall be brought to the attention of staff and

2

corrected as soon as possible"; and if "showers are not sanitized to a proper level," he can inform the deputy on shift so that the issue may be resolved.  Id. at 3.  Plaintiff informed a deputy of the issue and was told the showers are supposed to be cleaned every night at 10 p.m.  Id.  Plaintiff alleges that this is not being done and has not been done for the four months he has been at this facility.  Id.  As a result, he caught headlice.  Id.

III.    Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the Fourteenth Amendment[2] against defendant Dirkse for unsanitary conditions of confinement.

Plaintiff fails to state a claim against defendant Dirkse because plaintiff provides no allegations concerning defendant Dirkse's personal participation in, direction of, or knowledge of and failure to act to prevent the violation of plaintiff's rights.  Nor does he allege defendant Dirkse implemented a policy that resulted in the violation of plaintiff's constitutional rights. Instead, it appears plaintiff seeks to hold defendant Dirkse liable solely based on his role as sheriff of Stanislaus County, which he cannot do under 42 U.S.C. § 1983.

With respect to plaintiff's Fourteenth Amendment claim, it is unclear whether plaintiff is claiming that during the past four months the showers have not been cleaned at all or whether the showers have not been cleaned daily as he was told they were supposed to be.  To the extent it's the former, plaintiff may be able to state a claim if he can link a proper defendant to the constitutional violation and elaborate on the conditions of the showers at Stanislaus County Public Safety Center.  To the extent it's the latter, on these facts, the court cannot infer an intent to punish in violation of the Fourteenth Amendment.

---

[2]  Although plaintiff states his claims are brought under the Eighth Amendment, he does not specify whether he was a pretrial detainee or a convicted prisoner at the time of the violations. For purposes of screening, the undersigned therefore assumes that he was a pretrial detainee and that his claims therefore arise under the Fourteenth Amendment.  See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))) (emphasis added).

Because of these defects, the court will not order the complaint to be served on defendants. Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order. See Attachment A.

IV.     Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

////

4

1

CONCLUSION

2       In accordance with the above, IT IS HEREBY ORDERED that:

3       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

4       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

5 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

6 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

7 appropriate agency filed concurrently herewith.

8       3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

9 U.S.C. § 1915A, and will not be served.

10       4.  Within thirty days from the date of service of this order, plaintiff may file an amended

11 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

12 Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

13 number assigned this case and must be labeled "First Amended Complaint."

14       5.  Failure to file an amended complaint in accordance with this order will result in a

15 recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

16 Procedure.

17       6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

18 form used in this district.

19 DATED: October 28, 2025

20

21 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.    Legal Standards Governing Substantive Claims for Relief

A.    Personal Involvement and Supervisory Liability

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the

1

1  deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

2  1978) (citation omitted).  In other words, to state a claim for relief under section 1983, plaintiff

3  must link each individual defendant with some affirmative act or omission that shows a violation

4  of plaintiff's federal rights.

5      Furthermore, "[t]here is no respondeat superior liability under section 1983," Taylor v.

6  List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor

7  cannot be held responsible for the conduct of his subordinates just because he is their supervisor.

8  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor

9  participated in or directed the violations, or knew of the violations and failed to act to prevent

10  them." Id.  A supervisor may also be liable, without any personal participation, if he

11  "implement[ed] a policy so deficient that the policy 'itself is a repudiation of the constitutional

12  rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642,

13  646 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)).

14          B.  Fourteenth Amendment Conditions of Confinement

15      "The Fourteenth Amendment prohibits punishment of pretrial detainees." Demery v.

16  Arpaio, 378 F.3d 1020, 1024 (9th Cir. 2004) (citation omitted); Bell v. Wolfish, 441 U.S. 520,

17  535 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an

18  adjudication of guilt in accordance with due process of law.").  In examining the conditions of

19  pretrial detention, the question "is whether those conditions amount to punishment of the

20  detainee." Bell, 441 U.S. at 535.  "For a particular governmental action to constitute punishment,

21  (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of

22  the governmental action must be to punish the detainee." Demery, 378 F.3d at 1029 (citing Bell,

23  441 U.S. at 538).  "Absent a showing of an expressed intent to punish on the part of detention

24  facility officials, that determination generally will turn on 'whether an alternative purpose to

25  which [the restriction] may rationally be connected is assignable for it, and whether it appears

26  excessive in relation to the alternative purpose assigned [to it].'" Bell, 441 U.S. at 538 (alteration

27  in original) (citations omitted).  A court may infer punitive intent if the challenged condition is

28  "arbitrary or purposeless." Id. at 539 (citation omitted).

1

C. <u>Eighth Amendment Conditions of Confinement</u>

2       "The Constitution does not mandate comfortable prisons, but neither does it permit

3   inhumane ones." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (internal quotation marks and

4   citation omitted).  "[A] prison official violates the Eighth Amendment only when two

5   requirements are met." <u>Id.</u> at 834.

6       "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" <u>Id.</u> (quoting

7   Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  To be sufficiently serious, "a prison official's act or

8   omission must result in the denial of 'the minimal civilized measure of life's necessities.'" <u>Id.</u>

9   (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)).  "[R]outine discomfort inherent in the

10  prison setting" does not rise to the level of a constitutional violation.  <u>Johnson v. Lewis</u>, 217 F.3d

11  726, 732 (9th Cir. 2000).  Rather, "extreme deprivations are required to make out a[n] [Eighth

12  Amendment] conditions-of-confinement claim." <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).

13  "More modest deprivations can also form the objective basis of a violation, but only if such

14  deprivations are lengthy or ongoing." <u>Johnson</u>, 217 F.3d at 732.

15      Second, the prison official must subjectively have a "sufficiently culpable state of mind,"

16  "one of 'deliberate indifference' to inmate health or safety." <u>Farmer</u>, 511 U.S. at 834 (citations

17  omitted).  "[T]he official must both be aware of facts from which the inference could be drawn

18  that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837.  He

19  must then fail to take reasonable measures to lessen the substantial risk of serious harm.  <u>Id.</u> at

20  847.  If a prison official's response to a known risk is reasonable, they "cannot be found liable."

21  <u>Id.</u> at 845.  Negligent failure to protect an inmate from harm is not actionable under § 1983.  <u>Id.</u> at

22  835.

23

24

25

26

27

28

3